[994 NYS2d 825]

625 Broadway Owners, LLC, Petitioner, v Soho Fashions, Also Known as Soho Fashions, Ltd., et al., Respondents.

Civil Court of the City of New York, New York County, September 29, 2014

### APPEARANCES OF COUNSEL

*The Abramson Law Group, PLLC*, New York City (*Mitchell Shenkman* of counsel), for petitioner.

*Wolf Haldenstein Adler Freeman & Herz LLP*, New York City (*Maria I. Beltrani* of counsel), for Soho Fashions, Ltd., respondent.

### OPINION OF THE COURT

James E. d'Auguste, J.

Petitioner 625 Broadway Owners, LLC (625 Owners), the *former* owner and landlord of respondent Soho Fashions, Ltd., seeks to restore this 2008 commercial landlord/tenant action to the calendar for a hearing to determine the award of a money judgment for use and occupancy and attorneys' fees. For the reasons stated herein, 625 Owners' motion to restore is denied, and Soho Fashions' cross motion to dismiss the action is granted.

### Factual and Procedural Background

625 Owners commenced this holdover proceeding in September 2008 seeking to recover possession, use and occupancy, and attorneys' fees. By order entered on June 23, 2009 this court (Samuels, J.) granted 625 Owners partial summary judgment on the issue of use and occupancy for the months of September and October 2008 along with attorneys' fees for the action. The decision and order directed an evidentiary hearing to be conducted on August 13, 2009 to determine the fair market value of the premises and the amount of attorneys' fees to be awarded. The hearing was stayed pending Soho Fashions' appeal of the judgment. The Appellate Term, First Department, affirmed the judgment on August 31, 2010, ending the stay (*625

*Broadway Owners, LLC v Soho Fashions*, 28 Misc 3d 139[A], 2010 NY Slip Op 51523[U] [App Term, 1st Dept 2010]). The evidentiary hearing, however, was never rescheduled because on November 13, 2009 the building was placed in receivership after 625 Owners apparently defaulted on its mortgage obligations. On September 21, 2012, 625 Broadway Venture, LLC (625 Venture) purchased the property at a foreclosure sale conducted by a court appointed referee. On January 28, 2014, 625 Owners filed the instant motion seeking to restore this action to the active calendar without giving any notice to 625 Venture, the new owner of the building. 625 Owners failed to provide any notice to the new owner of the premises asserting that, despite having its interest in the building purchased at foreclosure, it retained the right to continue with the present litigation related to the 2008 pre-foreclosure judgment.

## Legal Discussion

625 Owners' right to recover allegedly unpaid use and occupancy for the subject property was transferred by statute to the temporary receiver appointed by the judge supervising the foreclosure proceeding. (CPLR 6401.) Indeed, the Supreme Court issued an order that "the Temporary Receiver may institute and prosecute suits for the collection of rent, license fees and other charges now due or hereafter to become due or fixed." (Beltrani aff, exhibit 1 at 4 [order appointing the temporary receiver in mortgage foreclosure action, Nov. 13, 2009].) In addition, 625 Owners' mortgage assigned all leases and rents to mortgagee Chase Bank. While Chase granted 625 Owners, as mortgagor, a revocable license to retain possession of the leases and exercise the rights of a landlord under the leases, terms of the May 22, 2007 Assignment of Leases and Rents (Assignment) (Beltrani aff, exhibit 6) provide that the license is revoked upon 625 Owners' default. Further, section 1.1 (c) of the Assignment defines "Rents" to include "rent equivalents" and "all payment and consideration of whatever form or nature received by Borrower . . . from any and all sources relating to the use, enjoyment and occupancy [of] the Property whether paid or accruing." It is clear that the holdover use and occupancy provisions of the lease constitute rents and leases. (Shenkman aff, exhibit G, art 51-B.) Since, pursuant to the mortgage agreement, the foreclosure terminated 625 Owners' license, its interest in the use and occupancy judgment was transferred to the receiver and then to 625 Venture by way of

the referee's deed. (Beltrani aff, exhibit 3 [referee deed, schedule A].) As such, 625 Owners lacks standing to proceed in this litigation.

## Conclusion

For the reasons stated above, 625 Owners' motion to restore this case to the court's active case calendar is denied and Soho Fashions' cross motion to dismiss the case is granted.